ANN POWERS *vs.* CITY OF ST. PAUL.

November 22, 1886.

City of St. Paul—Statute of Limitation held not Retroactive.—Sp. Laws 1885, *c.* 7, § 19, (providing that no action shall be maintained against the city of St. Paul for certain injuries unless commenced within one year from the happening of the injury, and unless written notice is given the city within 30 days of the occurrence of the injury,) is not retroactive in its operation, and does not apply to causes of action which had accrued before its passage.

Appeal by defendant from an order of the district court for Ramsey county, *Wilkin*, J., presiding, overruling a demurrer to the complaint, in which it was alleged that the injury complained of occurred on September 11, 1884, and it was not alleged that any notice of the injury had ever been given to the mayor or clerk of defendant.

*W. P. Murray*, for appellant.

*S. P. Crosby* and *Rogers & Hadley*, for respondent.

MITCHELL, J. This is an action to recover damages for injuries to the person of plaintiff, alleged to have been received by reason of defects in a sidewalk. The injury happened September 11, 1884, and the action was commenced March 6, 1886. The sole question raised by this appeal is whether the cause of action was barred by the statute of limitations.

Prior to 1878 the time of commencing actions against the city was left to be regulated by the provisions of the General Statutes. In March, 1878, an act was passed, in the form of an amendment to section 1, chapter 12, of the city charter, (Sp. Laws 1874, *c.* 1,) providing that "no action shall be had or maintained against the city of St. Paul, *for any damages claimed for alleged injuries to person or property*, after the first day of May, 1878, unless an action be commenced within two years after a cause of action has accrued." Sp. Laws 1878, *c.* 26, § 2. Section 19, chapter 7, Sp. Laws 1885, entitled "An act to amend the charter of the city of St. Paul, and the acts amendatory thereof," and approved March. 2, 1885, reads as follows: "No action shall be had or maintained against the city of St. Paul on account of *any injuries received by means of any defect in the condition of any bridge, sidewalk, street, or thoroughfare*, unless such action shall be commenced within one (1) year from the happening of the injury, or unless notice shall first have been given in writing to the mayor of said city, or the city clerk thereof, within thirty (30) days of the occurrence of such injury or damage, stating the place where, and the time when, such injury was received, and that the person injured will claim damages of the city for such injury; but the notice shall not be required when the person injured shall, in consequence thereof, be bereft of reason. Nor shall any such action be maintained for any defect in any street until the same shall have been graded, nor for any insufficiency of the ground where sidewalks are usually constructed when no sidewalk is built."

It will be observed that this is not in the form of an amendment to any existing provision of the city charter, but in the form of an independent section. This statute, by its terms, took effect from and

after its passage. It will also be observed that the limitation act of 1878 and that of 1885 do not cover the same ground; that of 1878 applying to all actions for any injuries to persons or property; that of 1885 only to actions for injuries received by means of any defect in the condition of any bridge, sidewalk, or thoroughfare. The only limitation imposed by the act of 1878 is as to the time of commencing the action. The act of 1885 imposes the further condition that written notice of the injury, and of the claim for damages, shall be given to the city "*within thirty days of the occurrence of such injury.*" Hence, if the act of 1885 is to be held retroactive, so as to apply to causes of action which had accrued prior to its passage, it follows that, by the terms of the act, all causes of action which had accrued more than 30 days before its passage would be absolutely cut off, without any opportunity whatever to commence a suit. This would have been so with the cause of action in this case. Such a law would be invalid, for statutes of limitation cannot be made retrospective so as to absolutely and immediately cut off an existing right of action. It is not to be supposed that the legislature intended to attempt to do any such thing, and there is nothing in the language of this act which compels us to give it any such construction. The general rule of construction applicable to all statutes is that they are not to be construed as retroactive unless it clearly appears from their language that they were so intended. A statute ought never to be so construed as to cut off an existing right if it be reasonably susceptible of any other construction. Courts have always rigidly applied this rule in construing statutes of limitation, like the present, which, if held retroactive, would cut off existing causes of action without giving the party a reasonable time in which to commence suit. *Sayre* v. *Wisner,* 8 Wend. 661; *King* v. *Tirrell,* 2 Gray, 331; *Murray* v. *Gibson,* 15 How. 421; *Eakin* v. *Raub,* 12 Serg. & R. 330; *Paddleford* v. *Dunn,* 14 Mo. 517; *Thompson* v. *Alexander,* 11 Ill. 54; *Fiske* v. *Briggs,* 6 R. I. 557.

Not only is there nothing in either the language or form of this statute compelling us to construe it as retrospective, but, on the contrary, it seems to us that, had it been the intention of the legislature to make it retroactive, they would have fixed a reasonable time before

which it should not take effect, or have made some provision for giving parties a reasonable time in which to sue on causes of action which had already accrued. This consideration receives increased force from the fact that the statute introduced an entirely new pro-vision, requiring notice of the injury to be given to the city within 30 days of the occurrence. We think that the judge was clearly right in holding that the statute is not retroactive.

Order affirmed.