# STATE EX REL. A. A. ANDERSON v. GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, LIMITED.[1]

July 7, 1916.

Nos. 19,934—(260).

**Limitation of action — statute acts prospectively.**

1. A statute of limitation operates prospectively, unless a legislative intent to give it a retrospective operation is clear.

**Same — intent of legislature to make it retrospective.**

2. The postponement of the time when a limitation statute becomes effective evidences an intent to make it of retrospective operation.

**Same — 1915 amendment to Workmen's Compensation Act.**

3. Where the amending statute materially changes the statute amended, making desirable a postponement of its operation to permit an adjustment to changed provisions, the argument that the limitation was intended to be retrospective is less cogent; and when such limitation, if retrospective, is radical and harsh, and the changes in the substantive provisions of the statute furnish an adequate reason for a postponement, such postponement should not be held to show an intent to make the statute retrospective. And it is *held* that chapter

---

[1] Reported in 158 N. W. 715.

Note.—As to retroactive effect of workmen's compensation acts, see note in L.R.A. 1916A, 216.

209, Laws 1915, approved April 21, 1915, and effective July 1, 1915, amending the Workmen's Compensation Act of 1913 (Laws 1913, c. 467), and providing a limitation of one year after injury in which a workman may commence his action, the effect being, if the act is retrospective, to require accrued causes of action to be brought within 70 days after the passage of the statute, was not retrospective.

Upon the relation of A. A. Anderson this court granted its writ of *certiorari* to review the judgment of the district court for Winona county, Granger, J., in proceedings under the Workmen's Compensation Act by relator, employee, against the Bay State Milling Company, employer. Reversed.

*Lamberton & Looby* and *Brown, Abbott & Somsen,* for relator.
*Watson & Abernethy,* for respondent.

DIBELL, C.

· This was a proceeding in the district court by A. A. Anderson under the Workmen's Compensation Act against the General Accident Fire & Life Assurance Corporation, Limited, the insurer of the Bay State Milling Company, his employer. There was judgment for the insurance company. The judgment is before us upon a writ of *certiorari* issued on the relation of Anderson.

Anderson was in the employ of the Bay State Milling Company of Winona on April 11, 1914, and on that day was injured under circumstances giving him a right to compensation under the Workmen's Compensation Act of 1913 (Laws 1913, p. 675, c. 467). The proceeding for compensation was brought in November, 1915, a year and eight months after his injury. The act of 1913 contained no limitation upon the time within which a claim for compensation might be made. On April 21, 1915, a year and ten days after the accident, the act of 1913 was amended and the following section was added:

"Sec. 20A.   LIMITATION.—The time within which the following acts shall be performed under Part 2 of this act shall be limited to the following periods respectively:

"(1) Actions or proceedings by an injured employee to determine or recover compensation; one (1) year after the occurrence of the injury." Laws 1915, p. 294, c. 209, §8.

The concluding section of the 1915 act is as follows:

"This act shall take effect on and after the first day of July, A. D. 1915."

The court held that the relator's cause of action was barred by the limitation quoted. The correctness of this holding is the single question for decision.

1. A statute of limitation is construed to operate prospectively, unless a legislative intent to give it a retrospective operation is clear. Powers v. City of St. Paul, 36 Minn. 87, 30 N. W. 433; Burwell v. Tullis, 12 Minn. 486 (572); Walker v. People, 202 Ill. 34, 66 N. E. 827; Thoeni v. Dubuque, 115 Iowa, 482, 88 N. W. 967; Rotchford v. Union R. Co. 25 R. I. 70, 54 Atl. 932; Thomas v. Higgs, 68 W. Va. 152, 69 S. E. 654, Ann. Cas. 1912A, 1039; 1 Wood, Limitations, §§ 12, 12b, 12c; 19 Am. & Eng. Enc. (2d ed.) 174; 25 Cyc. 991; 33 Cent. Dig. Lim. of Act. §§ 16-31; 12 Dec. Dig. Lim. of Act. § 6. It is not construed to bar a remedy upon a cause of action accrued at its passage, unless the legislative intent to bring such result is expressed or necessarily implied from the language used. "The general rule of construction applicable to all statutes is that they are not to be construed as retroactive unless it clearly appears from their language that they were so intended. A statute ought never to be so construed as to cut off an existing right if it be reasonably susceptible of any other construction." Mitchell, J., in Powers v. City of St. Paul, 36 Minn. 87, 30 N. W. 433.

2. The postponement of the time when a statute shall become effective evidences an intent to make it of retrospective operation. Burwell v. Tullis, 12 Minn. 486 (572); Stine v. Bennett, 13 Minn. 138 (153). If such is not the intent, why the postponement? In the case last cited the court said: "No reason is apparent why the lawmakers should depart from the ordinary course of legislative action by postponing the operation of the law, except it be that parties interested might have notice of the passage of the law, and proceed to exercise their existing rights before its operation should prevent them from doing so." In Duncan v. Cobb, 32 Minn. 460, 21 N. W. 714, involving a statute limiting the time in which a foreclosure might be made, the operation of the statute being postponed for a year, the court said that "the apparent purpose of the legislature in allowing a year to elapse before the act should become oper-

ative, was * * * to afford opportunity to all having existing rights of foreclosure to pursue the remedy before the bar of the statute should intervene." In speaking of a limitation statute affecting actions on judgments, Judge Sanborn, in Wrightman v. Boone County, 88 Fed. 435, 31 C. C. A. 570, said: "The second section of the act provides that it shall not take effect until one year after its passage. * * * A construction that the act has no application to judgments rendered before its enactment would render this provision nugatory." And see Wrightman v. Boone County, 82 Fed. 412; Eaton v. Supervisors of Manitowoc County, 40 Wis. 668.

3. If the amending statute of April 21, 1915, had done nothing but give a limitation, the postponement of its operation might well enough be conclusive of an intent to give a retrospective operation. It did much more than prescribe a limitation. It was a revision of the act of 1913. The title of the 1913 act and 13 of its 36 sections were amended and three sections were added. Some of the changes were formal; others were substantial. The rates of compensation were changed. The provisions as to dependents and partial dependents were rewritten. The statute was made applicable to minors. There were changes in procedure. Before the amended act could become efficiently and justly operative, it was necessary that those interested adjust themselves to it. This furnished a sufficient legislative reason, a very apparent and a persuasive reason, for the postponement of its operation. Indeed, the act of 1913, our first compensation act, was not effective for six months after its passage, and this for no reason other than that there might be an appropriate adjustment to the changed relation between employer and employee and adequate preparation for it. If the operation of the 1915 act had not been postponed, it would have been immediately effective. It would have operated prospectively but not retrospectively. Powers v. City of St. Paul, 36 Minn. 87, 30 N. W. 433; Birmingham v. Lehigh & W. Coal Co. (N. J.) 95 Atl. 242. And see cases cited in paragraph 1 preceding. It would not have barred or limited a remedy upon a cause of action accrued. The basis of the claim that it was intended to operate retrospectively is that the postponement evidences the legislative intent to that effect, the purpose being to enable those whose causes of action had accrued to present them in the interval. There is no other evidence of such intent.

The argument is legitimate, but there were wholly adequate reasons why the operation of the act should be postponed, though it contained no statute of limitation. The reason of the postponement is sufficiently explained without adverting to the limitation. A change from no express limitation upon the time in which to present a claim for an accrued cause of action to a limitation of 70 days, that is, from April 21 to July 1, would be radical. It would be harsh. It might result in an employce losing his remedy without actual fault. The Workmen's Compensation Act is remedial and liberal and was intended to protect the employee. There was no pressing need for so stringent a limitation upon accrued causes of action. It would at once meet an argument on behalf of the workman that it unconstitutionally deprived him of a fair opportunity to present his claim. We should not ascribe to the legislature an intent to make such limitation. We hold that the act of 1915 is not retrospective.

Our attention is directed in support of the conclusion which we have reached to our prior holdings that the right to compensation is determined by the statute in force at the time of the injury. State v. District Court of Hennepin County, 131 Minn. 96, 154 N. W. 661; State v. District Court of Ramsey County, 132 Minn. 249, 156 N. W. 120. These holdings are not significant upon the question before us. They involve no question of the prospective or retrospective operation of a limitation statute. They involve questions of substantive rights under the compensation acts. We do not forget that a statute of limitation concerns the remedy and not the right.

Judgment reversed.