# STATE EX REL. BERWIND FUEL COMPANY v. DISTRICT COURT OF ST. LOUIS COUNTY AND ANOTHER.[1]

## October 26, 1917.

## No. 20,679.

**Workmen's Compensation Act — limitation of action — amendment not retroactive.**

> Section 8, chapter 209, p. 294, Laws 1915, which limits the time to recover under the compensation act to one year after the occurrence of the injury, does not apply to claims that accrued before the passage of the 1915 statute.

Upon the relation of Berwind Fuel Company, the supreme court granted its writ of certiorari directed to the district court for St. Louis county, to review the proceedings in that court, Dancer, J., under the Workmen's Compensation Act, brought by Aaron Lindstrom, as employee, against relator, as employer.   Affirmed.

*K. A. Campbell* and *B. Burness,* for relator.

*James A. Wharton,* for respondent.

HALLAM, J.

Aaron Lindstrom was injured while in the employ of the Berwind Fuel Company, on June 9, 1914.  This action or proceeding for compensation was commenced July 9, 1917.  The trial court allowed compensation under the compensation act.  Relator makes but one contention, that is, that the claim for compensation was outlawed when asserted.

At the time the injury was sustained the original act of 1913 (chapter 467, p. 675, Laws 1913), was in force.  This act fixes no limitation upon

[1]Reported in 164 N. W. 812.

the time within which an action or proceeding shall be commenced. By chapter 209, p. 294, Laws of 1915, section 8, a new section, 20a, was added to the act of 1913, and this provides that action or proceeding by an injured person to recover compensation must be commenced within one year after the occurrence of the injury. This act was approved April 21, 1915, and became effective July 1, 1915, after plaintiff's claim accrued. If section 8 of the act of 1915 applies to plaintiff's claim, then, by its terms, his claim became barred when the act went into effect. If the act of 1913 applies, his claim was not barred.

We need not discuss this question at length. This court has recently held that section 8 of the 1915 law is not retrospective, and that the limitation prescribed by that section does not apply to claims arising before the passage of the act. State v. General A. F. & L. A. Corp. 134 Minn. 21, 158 N. W. 715. That decision is determinative of this case for the facts in the two cases are substantially the same and the principle involved is identical.

Relator asks us to adopt the rule that the holders of claims accruing prior to the 1915 statute are granted the period fixed by that statute after the statute went into effect in which to present their claims. In other words, that the time which elapsed before the statute became operative is disregarded, and the cause of action is to be deemed to have accrued at the time the limitation statute became effective. This rule has been adopted by creditable authority. The fact is, a new statute of limitation enacted in general terms, applied literally, would often bar existing rights of action without a fair chance to present them. Such a result would often be harsh and would sometimes render the statute unconstitutional. To avoid such a result and to give the statute a construction that will enable it to stand, courts have adopted rules of construction which in fact modify the literal meaning of the statute. The rules of construction adopted by different courts are not harmonious.

One rule is to construe the statute as applying only to causes of action arising after its passage, unless a contrary intent is made to appear.

A second rule is to construe the statute as applying only to such existing actions as have already run a portion of the statutory time, but which still have a reasonable time left for prosecution before the statutory time expires.

A third rule is to construe the statute as affecting existing causes of action but as commencing to run at the time when the statute takes effect, so that pre-existing causes of action not already barred are treated as if accruing at the time of the enactment of the new statute.

The last rule is that adopted by the Supreme Court of the United States. Lewis v. Lewis, 7 How. 776, 12 L. ed. 909; Sohn v. Waterson, 17 Wall. 596, 21 L. ed. 737. See also 1 Wood, Limitations (4th ed.) p. 76; 25 Cyc. 994; Ann. Cas. 1912A, 1041.

The first rule is, however, the rule adopted in this state. State v. General A. F. & L. A. Corp. 134 Minn. 21, 158 N. W. 715, and cases there cited.

The rules are inconsistent. We cannot adopt any two. We adhere to the rule already firmly established in this state.

Order affirmed.