EMMA F. NASH, AS ADMINISTRATRIX v. MINNEAPOLIS &
ST. LOUIS RAILROAD COMPANY.[1]

December 19, 1919.

No. 21,549.

**Workmen's Compensation Act of Iowa — when employer gains no protection.**

1. To entitle an employer to the benefits and protection of the Workmen's Compensation Act of the state of Iowa, he must comply with the insurance provisions thereof, and insure the liability thereby created within the time therein provided; a failure to do which will expose him to liability to the same extent as before the compensation law was enacted.

**Same — when act became effective.**

2. The insurance provisions of that act took effect and became operative and in force on July 1, 1913.

**Same — order not retroactive — action at law.**

3. An order relieving the employer from the insurance provisions of the act, which is authorized on a showing of solvency and ability to pay, can have no retroactive operation, and does not affect or impair a right of action at law which accrued to an employee or his next of kin prior to the date when the employer became subject to the act.

After the appeal reported in 141 Minn. 148, 169 N. W. 540, the case was tried before Dickson, J., who at the close of plaintiff's testimony denied defendant's motion to dismiss the action and at the close of the testimony defendant's motion for a directed verdict, and a jury which returned a verdict for $6,000. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*M. M. Joyce* and *R. B. Alberson,* for appellant.

*Humphrey Barton,* for respondent.

BROWN, C. J.

Plaintiff's intestate on the seventh day of July, 1914, was and for some

[1]Reported in 175 N. W. 610.

time prior thereto had been in the employ of defendant in the state of Iowa as a member of one of its bridge crews. On that day at Marshalltown in that state he received an injury while engaged in the discharge of the duties of his employment, from which he died a week later, or on July 15, 1914. This action was thereafter brought in this state to recover for his death, and by the original complaint was founded on the Federal Employer's Liability Act. Plaintiff recovered a verdict which was sustained on appeal to this court. Nash v. Minneapolis & St. Louis R. Co. 131 Minn. 166, 154 N. W. 957. But on writ of error to the Supreme Court of the United States our judgment was reversed, the holding of that court being that the facts did not bring the case within the Federal statute. 242 U. S. 619, 37 Sup. Ct. 2, 39, 61 L. ed. 531. On remand of the cause to the state court plaintiff amended her complaint, charging negligence on the part of defendant of a character to render it liable under the statute law of Iowa. Nash v. Minneapolis & St. L. R. Co. 141 Minn. 148, 169 N. W. 540. To the amended complaint defendant interposed the defense that both parties were, at the time of the injury and death of decedent, under and subject to the Workmen's Compensation Act of the state of Iowa, and that the compensation there prescribed is the measure of plaintiff's relief. Plaintiff joined issue on the defense, claiming that, by its failure to comply with certain provisions of the Iowa statute, defendant was not within the same nor entitled to the protection thereof, and was liable for the alleged wrongful death of decedent under the general liability statute of that state as construed and applied by its courts.

On the trial of the action the defense so pleaded was wholly eliminated by the rulings of the court, and plaintiff was awarded a verdict in the sum of $6,000. Defendant moved for judgment notwithstanding the verdict, which was denied. There was no motion for a new trial. Judgment was entered on the verdict and defendant appealed.

The only question presented by the appeal is whether on the facts disclosed by the record which are not in dispute, the rights of the parties are controlled by the Iowa compensation law. We answer the question in the negative.

The Iowa act, consisting of numerous sections comprehensively dealing with the subject, is divided into three separate parts, namely, part 1,

part 2 and part 3. The first deals with the workman's injuries, received in the course of his employment, the employer's liability, and the compensation to be paid; the second part creates the office of industrial commissioner to execute and administer the law, and the third part imposes the performance of certain things upon the employer as a condition precedent to the right of protection under the act. The statute will be found in the Iowa Code 1913 Supp. §§ 2477m–2477-m51. The only provisions thereof which are pertinent to the questions involved are contained in sections 2477-m41 and 2477-m49, of the third part, the first of which for the purpose of clearness we quote in full. The section reads as follows:

"Every employer subject to the provisions of this act, shall insure his liability thereunder in some corporation, association or organization approved by the state department of insurance. Every such employer shall within thirty days after this act goes into effect exhibit on demand of the state insurance department evidence of his compliance with this section; and if such employer refuses or neglects to comply with this section, he shall be liable in case of injury to a workman in his employ under part one of this act."

Section 2477-m49 provides that an employer coming within the act may be relieved from the insurance obligation imposed by the section just quoted, by a showing satisfactory to the state insurance department and the industrial commissioner, appointed under part 2 of the act, of his solvency and ability to pay all claims arising against him under the act, or by depositing adequate security for such payment. On July 21, 1914, defendant made application under that section for the relief there provided for and it was granted by the insurance department and the industrial commissioner.

The principal contention on the trial below was that the failure of defendant to procure the insurance did not expose it to liability for injuries sustained by its employees, except to the extent of the compensation fixed by part 1 of the act, stress being laid upon the penalty clause of the above quoted section, namely, "that the failure of the employer to procure the insurance shall render him liable to any injured workman under part one of this act." But the point since the trial of the action has been disposed of by the Iowa supreme court adversely to defendant's contention in the

case of Elks v. Conn, 185 Iowa —, 172 N. W. 173, where the particular provision of the statute was before that court for construction and interpretation. It was there held that the failure to comply with the statute renders the employer liable to the same extent as though the compensation act had not been enacted. It is conceded that the decision and the construction there given the statute is final and binding on the parties, and no further reference to that branch of the case need be made.

This leaves as the only remaining matter for consideration the question whether the order of the insurance department and industrial commissioner relieving defendant from compliance with the insurance feature of the statute, made subsequent to the injury and death of decedent, can have the effect of barring plaintiff's right to recover at law, or in reduction of defendant's liability to that fixed by the compensation act. In our view of the Iowa statute the question is not open to serious debate. It is clear, under the general rule pertinent to facts like those here presented, that the order of the insurance department can have prospective operation only, and as a protection to defendant in respect to injuries thereafter suffered by its employees, and not in destruction of rights of action against the company which accrued prior to the date it was issued. Such is the presumption of law in the absence of clear language showing an intention to the contrary. We find no such language, either in the statute authorizing the order, or in the record of the order itself as presented by the settled case. Plaintiff's right of action accrued and became vested on the fifteenth day of July, 1914, the date of the death of decedent, a week prior to the order, and under the rule stated is wholly unaffected thereby. 25 R. C. L. 786; McManus v. Duluth, C. & N. R. Co. 51 Minn. 30, 52 N. W. 980; Parkinson v. Brandenburg, 35 Minn. 294, 28 N. W. 919, 59 Am. Rep. 326; Powers v. City of St. Paul, 36 Minn. 87, 30 N. W. 433. But defendant contends that the statute as a whole did not go into effect until July 4, 1914, and that defendant had 30 days thereafter either to procure the insurance or to apply to be relieved therefrom, and since it was relieved within that period the act became operative and controls the rights of the parties at bar. This contention is not sustained.

By the express terms of the act, part 3 thereof, which includes the insurance features of the law, was made to take effect and be of force

on July 4, 1913, and the clause of the insurance section by which the employer is required on demand to exhibit evidence of compliance therewith within 30 days "after this act goes into effect," cannot well be construed as applying to the date when part 1 was made to take effect, namely, July 1, 1914. We need not stop to speculate upon the possible reasons prompting the legislature in the enactment of the act to designate different dates for the taking effect of the separate parts thereof, for the fact remains that part 3, the only part here materially involved, was expressly made to take effect and become operative from and after July 4, 1913, and that was the date from which all employers desiring to take advantage of the law were required to take such steps as were necessary to bring them within its protection.

This covers the case and all that need be said in disposing of the case. Our views are in harmony with those of the learned trial judge and the judgment appealed from is affirmed.