# BUILDERS LIMITED MUTUAL LIABILITY INSURANCE COMPANY v. COMPENSATION INSURANCE BOARD.[1]

February 17, 1922.

No. 22,733.

**Compensation Insurance Board—1921 statute not retroactive.**

Chapter 85 of the Laws of 1921, creating a compensation insurance board and authorizing such board to establish rates for compensation insurance, is not retroactive, and the rates adopted by the board do not apply to contracts of insurance entered into before the act became operative.

Respondent members of the compensation insurance board made return to an order of the district court for Ramsey county to show cause why their order fixing rates for compensation insurance and making them retroactive should not be vacated, and the court, Hanft, J., discharged the order. Relators then obtained from the supreme court a writ of certiorari directed to the district court and Hanft, J., to review his order. Reversed.

*Mead & Bryngelson*, for relator.

*Clifford L. Hilton*, Attorney General, and *C. H. Christopherson*, Assistant Attorney General, for respondents.

*L. K. Eaton* filed a brief as amicus curiae.

TAYLOR, C.

The relator is a mutual insurance company organized under the laws of the state of Wisconsin and duly licensed to do business in the state of Minnesota. Between February 1, 1921, and June 1, 1921, the relator entered into contracts of insurance with various employers in the state of Minnesota by which the relator insured such employers, for one year from the date of the respective policies, against the liabilities imposed upon them by the so-called workmen's

[1]Reported in 186 N. W. 860.

compensation laws of this state, for a specified and fixed percentage of the pay-rolls of each employer so insured.

The first compensation law in this state was enacted in 1913, and, as amended from time to time, remained in force until superseded by the laws enacted in 1921. In 1921 the legislature enacted a series of laws covering the entire matter of workmen's compensation and repealed the prior statutes. Chapter 82 [p. 90], of the Laws of 1921, embodies the substance of the prior laws with such changes, modifications and additions as the legislature deemed desirable. This act was approved March 15, 1921, and took effect June 1, 1921. The act provides in section 28 [p. 107], that, with certain exceptions not necessary to mention, employers liable under the act to pay compensation for injuries sustained by their employes, "shall insure payment of such compensation in some insurance carrier authorized to insure such liability in this state."

The carrying of such insurance was optional under the former act, but is compulsory under the present act unless the employer be one of those excepted from this provision. The act provides in section 29 that "any employer who is responsible for compensation as provided under Part 2 of this act may insure the risk in any manner then authorized by law. But those writing such insurance shall, in every case, be subject to the conditions in this section hereinafter named."

The section then sets forth the obligations assumed by the insurer and the conditions to which he is subject. This section is not new, but, except for a few minor changes not here important, is section 31a of the original compensation law of 1913 which appears as section 8227 of the General Statutes of 1913.

Chapter 85 [p. 132], of the Laws of 1921, which also was approved March 15, 1921, and took effect June 1, 1921, created a compensation insurance board and also created a bureau of which all insurers writing compensation insurance in this state are required to be members, which bureau, among other things, is required to classify risks and to report proper rates to the board for approval.

Section 7 of this act reads:

"To provide for the solvency of insurers writing workmen's compensation insurance in this state and to secure reasonable rates, the board shall approve a minimum and adequate and reasonable rate for each classification under which such business is written. The board shall, in approving such rates, make use of the experience which from time to time may be available, and of such other helpful information as may be obtainable. For the purpose of uniformity and equality the board shall, after consultation with insurers, approve a system of schedule, merit and experience rating (for use in writing of such business in this state. No system of schedule, merit or experience rating except the one so approved shall be used in this state."

Section 10 of the act provides that "the board shall have power * * * to review the acts of any insurer, bureau or agent subject to the provision of this act, and to make findings and orders requiring compliance with the provisions hereof," and further provides that "its findings or orders * * * in all cases shall be subject to summary review by the district court."

Sections 19, 20 and 21 of the act read:

Sec. 19. "No insurer shall make or charge any rate for workmen's compensation insurance in this state which discriminates unfairly between risks or classes, or which discriminates unfairly between risks in the application of like charges and credits in the plan of schedule, merit or experience rating in use; and no insurer shall discriminate by granting to any employer insurance against other hazards at less than its regular rates for such insurance, or otherwise.

Sec. 20. "Every insurer writing workmen's compensation insurance in this state shall, except as otherwise ordered by the board, file with the board its rates for such insurance and all additions thereto or changes therein. All rates so filed shall comply with the requirements of law and shall not be effective or used until approved as to such compliance by the board. A rate which is filed and approved shall not be changed until the substituted rate has been filed for at least fifteen days and has been approved by the board.

Sec. 21. "No insurer shall write insurance at a rate other than that made and put into force by such bureau and approved as adequate and reasonable by the board; provided, that the bureau may reduce or increase a rate by the application to individual risks of the system of schedule, merit or experience rating which has been approved by the board. Such reduction or increase shall be set forth in the policy or by indorsement thereon."

The act provides a penalty for any violation of its provisions or of any order of the board made thereunder.

On August 5, 1921, the compensation insurance board made an order fixing the rates for workmen's compensation insurance, effective as of one minute after 12 o'clock a. m. of June 1, 1921, and made a further order to the effect that all policies, in force at one minute after 12 o'clock a. m. of June 1, 1921, or issued thereafter, "must be indorsed to provide for" the rates so fixed. These rates were substantially higher than the rates charged for such insurance theretofore, and substantially higher than the rates specified and fixed in the policies issued by the relator prior to June 1, 1921.

The relator made an application to the district court, under section 10 of the act, to have the order of the board vacated insofar as such order required the relator to collect, upon the policies which it had issued before the law went into effect, a different and larger premium than was specified and stipulated in such policies. The district court refused to vacate or modify the order and the matter is brought before this court by writ of certiorari.

The relator contends: (1) That the statute is not retroactive and does not authorize the insurance board to increase the rate on policies issued before the statute went into effect; (2) that, if the statute be construed as authorizing the board to increase such rates, it infringes the constitutional provisions against impairing the obligation of contracts.

The provisions of the statute hereinbefore quoted are those under which it is sought to sustain that part of the board's order which applies to policies issued before the statute became effective.

It is thoroughly settled that a statute will not be given a retroactive operation unless it appears "by express command or by neces-

sary and unavoidable implication" that such was the legislative intent. And, where a statute affects rights and liabilities, it will not be construed as affecting those previously existing, unless such construction is essential to give it effect, or its terms are so explicit as to preclude any other interpretation. Wilson v. Red Wing School District, 22 Minn. 488, 490; State. v. Waholz, 28 Minn. 114, 9 N. W. 578; State v. Hill, 32 Minn. 275, 20 N. W. 196; Gaston v. Merriam, 33 Minn. 271, 22 N. W. 614; Powers v. City of St. Paul, 36 Minn. 87, 30 N. W. 433; Brown v. Hughes, 89 Minn. 150, 94 N. W. 438; Stein v. Hanson, 99 Minn. 387, 109 N. W. 821; State v. General A. F. & L. A. Corp. 134 Minn. 21, 158 N. W. 715, Ann. Cas. 1918B, 615; State v. District Court of St. Louis County, 138 Minn. 213, 164 N. W. 812; State v. Probate Court of County of Freeborn, 142 Minn. 283, 171 N. W. 928; Soderstrom v. Curry & Whyte, Inc. 143 Minn. 154, 173 N. W. 649; Nash v. Minneapolis & St. L. R. Co. 144 Minn. 322, 175 N. W. 610.

We find no provision in the statute here involved which expresses a legislative intention to change or disturb existing contracts of insurance, or which directs that the rates to be established as provided in the statute shall apply to policies issued before it went into effect. The statute speaks prospectively and can be given full effect without construing it as retroactive in its operation. The statute was passed March 15, 1921, but did not go into effect until June 1, 1921. Postponing the time when a statute shall take effect, in the absence of some other adequate reason therefor, evinces an intention to give it a retrospective operation. But, where the statute makes changes which affect the substantive rights of parties, the necessity or propriety of allowing the parties affected a reasonable time in which to adjust themselves to the changed conditions, furnishes an adequate reason for postponing its operation without ascribing such postponement to an intention to give the act a retroactive effect. State v. General A. F. & L. A. Corp. 134 Minn. 21, 158 N. W. 715, Ann. Cas. 1918B, 615.

The case cited involved the provision limiting the time for making claims for compensation, which was added to the prior compensation law by section 8 [p. 294], of chapter 209 of the Laws of 1915.

This statute was passed April 21, 1915, but did not go into effect until July 1, 1915. The court remarked that if the amending statute "had done nothing but give a limitation, the postponement of its operation might well enough be conclusive of an intent to give a retrospective operation," but held that the necessity of allowing those interested an opportunity to adjust themselves to other changes made by the statute, furnished a sufficient reason for postponing its operation; that the statute was not retroactive, and that the limitation did not apply to existing claims. This decision was followed and applied in State v. District Court of St. Louis County, 138 Minn. 213, 164 N. W. 812, involving the same statute. See also Nash v. Minneapolis & St. L. R. Co. 144 Minn. 322, 175 N. W. 610, involving the Iowa compensation law and an order of the industrial commissioner of that state.

Our conclusion is that chapter 85 of the Laws of 1921 is not retrospective in its operation and did not authorize the insurance board to require the collection of a different rate, than stipulated therein, on policies which had been issued and were in force before the statute became effective. If the legislature had intended that the rates, to be thereafter established in the manner provided in the act, should, when so established, be substituted in contracts existing before the act became effective for the rates agreed upon and specified in such contracts, we think it would have used language clearly expressing such intention.

Whether, acting under the police power, the legislature could have made the rates, which should thereafter be adopted by the insurance board, applicable to contracts made before the act went into effect, we need not determine as, in our opinion, the legislature has made no attempt to do so.

The order of the district court is reversed with directions to vacate the order of the insurance board insofar as such order requires a change in the rate on policies issued by the relator before chapter 85 of the Laws of 1921 went into effect.