**In the Matter of the ESTATE of John McMAHON, Deceased.**

**No. 57872.**

Supreme Court of Missouri,

Division No. 1.

March 11, 1974.

Lester W. Spilker, St. Louis, for Daniel McMahon, Administrator d. b. n. for the Estate of John McMahon, Deceased.

John C. Danforth, Atty. Gen., Peter H. Ruger, Asst. Atty. Gen., Jefferson City, for State of Mo., and Dept. of Revenue.

WELBORN, Commissioner.

Appeal from judgment of circuit court, reversing order of probate court which had denied motion for order finding no inheritance tax due and appointed appraiser to determine amount of tax.

John McMahon, a resident of the City of St. Louis, died August 5, 1964. Letters of Administration were issued and inventory and appraisement of the estate filed, showing an aggregate estate of $184,641.93. An inheritance tax appraiser was appointed and on July 21, 1965, the appraiser filed his report which was ultimately the basis for an assessment by the probate court on August 17, 1965 of a Missouri inheritance tax of $4,947.81. The tax was paid September 3, 1965 and the administrator discharged August 30, 1966.

On September 14, 1970, the court set aside the order discharging the administrator and reinstated the administrator, who, on December 10, 1970, filed a supplemental inventory and appraisement, listing a bank account of $43,742.74 in the name of the decedent which the administrator had discovered shortly before his reinstatement.

On January 26, 1971, the administrator filed a motion for an order of the probate court declaring no inheritance tax due on the newly discovered assets. The motion asserted that, under §§ 516.120(2) and 145.305, RSMo, V.A.M.S., actions for inheritance taxes must be brought within five years, that under § 145.300 any cause of action on behalf of the state for additional inheritance taxes accrued upon the entry of the court order fixing the inheritance tax (August 17, 1965), and that no action for collection of additional tax had been brought within five years of that date.

The probate court overruled the motion and appointed an inheritance tax appraiser. The court's action was accompanied by a memorandum opinion which concluded, essentially, that the five-year statute of limitations under either § 516.120 or § 145.305

ran only as to a claim for inheritance tax which had been duly assessed in accordance with the provisions of Chapter 145, and that since there had been no such assessment of the newly discovered property, the statute had not run against an assessment of inheritance tax on such property.

The administrator appealed to the circuit court which reversed the order of the probate court. The circuit court also wrote a memorandum opinion in which it concluded that under § 516.120 the state's claim for inheritance tax accrued when the probate court made its order assessing the tax and that under § 145.305 the right of action accrued when the appraiser's report was filed, and that in either event the right of action had accrued at that time as to property not assessed and therefore the claim for tax on the newly discovered property had been effectively barred. The director of revenue appealed from the judgment of the circuit court.

The first point of the state's argument is that the statutory scheme for assessment of inheritance taxes is designed to provide a "comprehensive system of taxation of the right to take property by succession that affects all the assets of a decedent." This proposition is hardly subject to challenge but does little to solve the problem here presented. Given the legislative design to accomplish such objective, it is likewise clear that the legislature has recognized that the desirability of complete and perfect accomplishment of its objective must be modified by establishing a period of limitation beyond which the state may not enforce its claim for collection of the tax. Prior to 1965, there was no statute of limitations expressly applicable to inheritance tax actions. The state had previously subjected itself to limitation statutes (§ 516.-360, RSMo 1969, V.A.M.S.) and the reasoning of State v. Dalton, 353 Mo. 307, 182 S.W.2d 311 (1944), applying the five-year limitation period fixed by now § 516.120(2) ("An action upon a liability created by a statute other than a penalty or forfeiture") to an action to collect state income taxes would appear applicable to an action for collection of inheritance taxes, absent the 1965 enactment. The attorney general has so ruled and both parties to this appeal are in agreement as to the applicability of the five-year general statute if the 1965 enactment does not govern this case. The parties are, of course, not in agreement as to when the limitation prescribed by either the general statute or the 1965 enactment began to run in this situation.

Although both parties assert their right to prevail under either the general statute or the 1965 enactment, the question of which provision correctly controls should be determined initially.

Section 145.305, RSMo 1969, V.A.M.S. was originally enacted in 1965. As enacted it read as follows (Laws of Mo. 1965, p. 267):

"No action in the name of the state, shall be commenced under the provisions of this chapter, unless the action is filed in a court of competent jurisdiction within five years of the filing of a copy of the inheritance tax appraiser's report with the probate court having jurisdiction or within 10 years of the death of the decedent out of which the claim arose, whichever shall first occur.

"Section A. This act shall become effective October 13, 1966."

The effect of Section A of the enactment was to postpone the time at which the law would otherwise have become effective (Mo.Const. Art. III, § 29, V.A.M.S.) for one year. This fact is significant in considering whether or not the act was intended to apply to claims existing at the effective date or only to claims arising after that date. State ex rel. Anderson v. General Acc. Fire & Life Assur. Corp., 134 Minn. 21, 158 N.W. 715, 716[2] (1916); 51 Am.Jur.2d, Limitation of Actions, § 57, pp. 634–635 (1970). By postponing the effective date, the legislature gave the state an opportunity in the one-year interim to proceed with claims which might have other-

wise been barred had the new enactment gone into effect in the usual course. The provision for such a period of adjustment would be consistent with the desirable objective of having only one limitation period to be considered following the effective date of the new provision. From this the reasonable conclusion is that the legislature intended the 1965 enactment to apply to all claims upon its effective date, whether such claims arose before or after such date. Therefore, this case is to be determined in the light of the 1965 enactment, neither party asserting that constitutional limitations might preclude the retrospective operation of § 145.305.

The state's argument, essentially, is that the five-year provision of the 1965 enactment is applicable only to claims for inheritance tax which are based upon a duly filed appraiser's report, and that, absent such report, the ten-year provision applies.

The inheritance tax law contemplates and authorizes two separate categories of suits for collection of inheritance tax. Section 145.280 authorizes suit for the collection of a tax "past due and delinquent under the provisions of this chapter * * *." This provision authorizes a suit on a tax liability that has been duly fixed in accordance with the provisions of Sections 145.150, 145.160, 145.170 and 145.180. The report of an appraiser is not required in determination of the tax under such provisions, the probate court being authorized under § 145.150, subd. 3, to determine the tax without the assistance of an appraiser, and a fixing of the tax, on an estate consisting of personalty, by agreement, without the intervention of an appraiser, being authorized by § 145.160, subd. 2. In practical operation, the report of an appraiser is generally the basis of the probate court's determination of the tax. In Trieseler v. Ratican, 237 Mo.App. 490, 173 S. W.2d 595 (1943), the court held that the appraiser's duty was to value the inventoried estate and that he was not authorized to conduct a proceeding for discovery of assets.

The General Assembly, in the enactment of § 145.305, was obviously aware of the prevalent role of the inheritance tax appraiser and is chargeable with knowledge of the appraiser's limited authority.

Section 145.300 authorizes suit for tax on "any part of any gift, legacy, inheritance, bequest, devise, appointment or succession liable to the tax herein provided [which] was omitted in fixing the amount of the taxes in any proceeding * * *." This provision authorizes an action for tax on omitted property without the administrative procedure for determination of the tax having been followed. There is no limitation of this procedure as the sole procedure for the enforcement of the tax on omitted property. It is not here suggested that the authority of the probate court to determine the tax on the newly discovered assets here involved is limited other than by way of the time limitation relied upon by respondent. See In re Smith's Estate, 23 N.Y.S. 762 (N.Y.Surr.1893).

Given this dual scheme for lawsuits for collection of the tax and the applicability of § 145.305, the disputed question of when a cause of action under § 145.300 accrues is no longer the determinative factor in this litigation. The case of State ex rel. Collector of Revenue v. Robertson, 417 S. W.2d 699 (Mo.App.1967), cited and relied upon by respondent, is also inapplicable, dealing as it did with the question of when, for the purpose of the five-year general statute of limitations (§ 516.120(2), supra), a cause of action for delinquent St. Louis earnings tax accrued. The question is one of the proper application of § 145.305, and it cannot be said that the provisions of that section are so clear as to have no room for construction. Such construction must be governed by the legislative intent to be gleaned from the terms of the enactment and its relationship to the inheritance tax law as a whole.

Considering the two classes of suits authorized by Sections 145.290 and 145.300, the legislative intent appears to be that the five-year limitation period apply in cases to collect a duly assessed and delinquent tax, leaving the ten-year provision to apply in cases in which there has been no proper assessment of the tax. That view is reinforced by consideration of the provision for a finding and order by the probate court, without the appointment of an appraiser, under § 145.150, subd. 2. In such case, there being no appraiser's report, the ten-year limitation would apply. However, since as above pointed out, the appraiser is not a tax ferret, but only a valuer of the inventoried property, the state is in no better position to know of the presence of uninventoried property when an appraiser has been appointed than it is in a case where the probate court has entered a no tax order. Yet, by respondent's reasoning, the state would have only five years from the filing of the appraiser's report in the first case and ten years from the date of death in the second to discover and tax undiscovered property.

It is concluded that the General Assembly, in enacting § 145.305, intended to apply the ten-year provision to unassessed property not included in the appraiser's report, and to apply the five-year limitation to actions to collect the tax based upon such a report.

Judgment reversed and cause remanded with directions to enter judgment affirming order of probate court denying an order of no inheritance tax due and appointing an inheritance tax appraiser.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.