**In re ESTATE OF Edmund H. OTTO, deceased.**

No. 63941.

Supreme Court of Missouri, En Banc.

Jan. 11, 1983.

Rehearing Denied Feb. 23, 1983.

John Ashcroft, Atty. Gen., Madeleine O. Birmingham, Melodie A. Powell, Asst. Attys. Gen., Jefferson City, for appellant.

Steven P. Kuenzel, Politte, Thayer & Kuenzel, Washington, for appellee.

WELLIVER, Judge.

The question in this case is whether the Missouri inheritance tax statute of limitations, § 145.305, RSMo 1978 (repealed),[1] prevents the state from assessing and collecting inheritance tax more than ten years after the death of the decedent. The Circuit Court, Probate Division, of Franklin County sustained the exceptions of the administratrix d.b.n. to the appraiser's report assessing an inheritance tax, and the Department of Revenue appeals. This Court has jurisdiction because the question involves the construction of a revenue law of this state. Mo. Const. art. V, § 3. We affirm.

Edmund H. Otto died testate on March 14, 1969, and letters testamentary were granted on March 20, 1969. Almost eleven years later, on January 15, 1980, an inheritance tax appraiser was appointed to appraise the estate. His amended report, assessing an inheritance tax of $6,002.31, was filed on September 8, 1981. The administratrix d.b.n. filed exceptions to the report, asserting that § 145.305 barred assessment of the tax. The trial court sustained the exceptions, and thereupon the Department of Revenue brought this appeal.

Section 145.305 provides that

[n]o action in the name of the state shall be commenced under the provisions of this chapter, unless the action is filed in a court of competent jurisdiction within five years of the filing of a copy of the inheritance tax appraiser's report with the probate division of the circuit court having jurisdiction *or within ten years of the death of the decedent out of which the claim arose, whichever shall first occur.*

(Emphasis added.)

The Department of Revenue argues that § 145.305 "does not operate as a statute of limitations for the *assessment* of inheri-

---

1. Section 145.305, RSMo 1978, was repealed by S.B. 539, sec. 1, 80th Gen.Assem., 2d Reg.Sess., 1980 Mo.Laws 303, 304. The repeal applied "only with respect to decedents dying on or after January 1, 1981," and did not affect "any decedents dying before January 1, 1981, in any respect, including, but not limited to, the deter-mination of tax, interest, penalties, procedures, and periods of limitations." *Id.* sec. 2, 1980 Mo.Laws at 308. Section 145.305 was replaced by § 145.711, RSMo Supp.1982.

   All statutory references are to RSMo 1978 unless otherwise indicated.

tance tax against an estate" and that "there must be a proper assessment of inheritance tax either through the filing of a report by an inheritance tax appraiser or an order of the probate court before the time limitations set forth in § 145.305 come into play." We have no quarrel with the first portion of that argument, but the latter portion does not necessarily follow. The emphasized portion of the statute quoted above manifests an unequivocal legislative intent that actions for the collection of inheritance tax may be brought no more than ten years after the death of the decedent.

The rationale proffered by the Department of Revenue leads to an irrational result. Under that rationale, an assessment could be made fifty or even one hundred years after the death of the decedent and only at that time would the statute of limitations begin to run. This Court in *In re Estate of McMahon,* 506 S.W.2d 389, 391 (Mo.1974), stated that "the legislature has recognized that the desirability of complete and perfect accomplishment of its objective [inheritance taxation affecting all the assets of a decedent] must be modified by establishing a period of limitation beyond which the state may not enforce its claim for collection of the tax." It would frustrate the intent of the legislature were we to accept the position advanced by the Department of Revenue.

The statute provides a sliding period of limitation. That period is at most ten years from the date of death of the decedent. If an appraiser's report is filed, the state has at most five years from the date of the filing, but that time is shortened if, before it has run, ten years pass from the date of death of the decedent. Although an assessment might be made more than ten years after the death of the decedent, such an assessment could not be enforced by a collection action. To hold otherwise would be to render a result that directly contradicts the terms of § 145.305. On the facts of this case, for example, if the state were allowed five years from the date of the filing of the appraiser's report, it would extend the time for a collection suit to more than seventeen years after the death of the decedent.

*McMahon* is wholly consistent with our holding. In that case an appraiser's report was filed, an assessment was made, and inheritance tax was paid on known assets in the decedent's estate. Other assets were subsequently discovered more than five years after the appraiser's initial report was filed and over six years after the death of the decedent. The real issue was whether there could be a second or supplemental assessment, this time on the newly discovered property. The administrator argued that the state's cause of action accrued when the appraiser's initial report was filed and that, because more than five years had elapsed since that report was filed, no action could be maintained to enforce collection of an inheritance tax on the newly discovered assets. This Court disagreed, holding that the five year period applied only to inventoried and assessed property and that, as a result, an assessment could be had on the newly discovered assets because the ten year period had not yet run. 506 S.W.2d at 393. The case was remanded with instructions to affirm the order of the probate court denying an order of no inheritance tax due and appointing an inheritance tax appraiser. *Id.* The holding in *McMahon* squares with our holding today, for in *McMahon* the state would have had a period of nearly four years, until ten years from the death of the decedent, in which to bring a suit to collect tax on the newly discovered property after the appraiser's second report was filed.

The judgment is affirmed.

RENDLEN, C.J., HIGGINS, GUNN and DONNELLY, JJ., SEILER, Senior Judge, and WASSERSTROM, Special Judge, concur.

BILLINGS, J., not sitting.

BLACKMAR, J., not participating because not a member of the Court when cause was submitted.