NO. 07-02-0007-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 5, 2002

_____

JOY BYBEE BROWN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;

NO. 5885; HONORABLE STEVEN R. EMMERT, JUDGE

_____

Before REAVIS and JOHNSON, JJ, and BOYD, SJ.[1]

On July 23, 2001, appellant Joy Bybee Brown was found guilty of arson and assessed a five-year probated sentence in the Institutional Division of the Department of Criminal Justice and a $500 fine. On September 19, 2001, an application to revoke

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

probation was filed and it was amended on October 3, 2001. After a hearing on December 14, 2001, the probation was revoked and appellant was ordered to serve the five-year sentence.

Appellant's appointed attorney has filed an *Anders* brief. *See Anders v. California* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In that brief, he certifies that after careful examination of the record, he has concluded that appellant's appeal is without merit. In that brief, he certified that he sent a copy to appellant for her examination. He has also filed a motion to withdraw in which he certified that a copy of the motion was being sent to appellant and that she had a right to file her own brief. The clerk of this court also notified appellant of her right to file a brief and, after obtaining an extension of time within which to do so, appellant has now filed her pro se brief.

In considering briefs and requests of this type, we must satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support his client's appeal. Then, after considering counsel's brief and appellant's pro se brief, we must determine if counsel has correctly concluded the appeal is frivolous. *See McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App.1978).

When we review an order revoking probation, the only question before us is whether the trial court abused its discretion in doing so. *Jackson v. State*, 645 S.W.2d

2

303, 305 (Tex.Crim.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of the probation. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). Although one sufficient ground for revocation supports a revocation order, *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim.App. 1979), a plea of true standing alone is sufficient to support the trial court's revocation order. *Moses v. State,* 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).

At the hearing on the motion to revoke, appellant entered a plea of true to nine of the alleged probation violations. That in itself is sufficient to support the revocation order. Appellant was also sworn and testified. We have carefully examined the record of her testimony and her pro se brief. We can only conclude that the trial court did not abuse its discretion in revoking appellant's probation.

Accordingly, the judgment of the trial court is affirmed and appellate counsel's motion to withdraw is granted.

John T. Boyd
Senior Justice

Do not publish.

3