STATE OF NEBRASKA, APPELLEE, V. FARMERS BANK OF PAGE, APPELLEE: FRED CRONK, INTERVENER, APPELLANT

FILED JULY 13, 1923. No. 23135.

1. **Banks and Banking:** DEPOSITORS' GUARANTY ACT: "DEPOSIT." A customer paid to a state bank approximately $650 with which the bank was to obtain a liberty bond and war savings stamps

State v. Farmers Bank.

of the face value of $500 and $150 respectively. Subsequently the bank failed and in the usual court proceedings which followed it was shown that four liberty bonds in the denomination of $500 each had been received by the bank before it failed, but no bond and no war savings stamps were ever delivered to the customer. By leave of court the customer intervened and filed a claim for $650 praying that it be allowed out of the depositors' guaranty fund. *Held,* that the intervener was not a depositor within the meaning of the depositors' guaranty act; and, also, *held,* that the court did not err in denying claimant's right to have his claim paid from the fund in question.

2. ———: "DEPOSIT." Ordinarily a general deposit consists of money which is mingled with other money of a bank, the entire amount forming a single fund from which depositors are paid.

APPEAL from the district court for Holt county: ROBERT R. DICKSON, JUDGE. *Affirmed.*

*H. M. Uttley* and *John A. Harmon,* for appellant.

*J. A. Donohoe, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY and DEAN, JJ., BLACKLEDGE and COLBY, District Judges.

DEAN, J.

On and before January 29, 1921, an action was pending in the district court for Holt county, wherein the state of Nebraska was plaintiff and the Farmers Bank of Page, Nebraska, was defendant. The pending action had to do with the affairs of the defendant bank, which had recently failed, and for which a receiver had theretofore been appointed. January 29, 1921, Fred Cronk, by leave of court, filed a petition of intervention, alleging that he had two valid claims against the bank, aggregating $650 and accrued interest, as for money deposited therein, and prayed for judgment for that amount with interest at 7 per cent. per annum from November, 1917, to be paid out of the depositors' guaranty fund.

The court decreed that the intervener was a general creditor of the bank, and not a depositor, and rendered judgment in his favor for $650 with interest at 7 per cent. per annum from November 17, 1919. The judgment, however, expressly provides that intervener, as holder of

the judgment, is not entitled to share in the depositors' guaranty fund nor to have his claim paid therefrom. From that part of the judgment denying his right to share in the fund in question the intervener has appealed.

It appears that the intervener, Cronk, in November, 1917, subscribed for a $500 liberty bond. He paid to the defendant bank $500 and arranged with it to obtain the bond for him. Subsequently, but at different periods, four liberty bonds in the sum of $500 each were received by the bank from the treasury department at Washington, but a $500 bond was never delivered to him. He also purchased war savings stamps of the face value of $150, for which he paid into the bank $124.50, with the understanding that the stamps were to be obtained by the bank from Washington for him, but none of the stamps were ever delivered by it to the intervener. It is under substantially the foregoing facts that intervener maintains that he is a general depositor.

Section 8024, Comp. St. 1922, provides generally that a guaranty fund shall be provided for the protection of state bank depositors and that such banks shall be subject to certain assessments to raise funds therefor, and section 8025 provides that the assessment shall be made on the average daily deposits.

The statute is so plain that it is not susceptible of strained construction. This court has held that a certificate of deposit issued by a state bank which, by special arrangement with a depositor, drew a bonus of only 1 per cent. above the lawful rate of 5 per cent. interest was not a deposit within the meaning of the act, and that where the bank subsequently fails the certificates so obtained cannot lawfully be paid out of the depositors' guaranty fund. *Iams v. Farmers State Bank,* 101 Neb. 778.

There is no evidence in the record going to show that intervener was a general depositor. Ordinarily a general deposit consists of money which is mingled with other money of a bank, the entire amount forming a single

fund from which depositors are paid. 7 C. J. 628, sec. 305. It has been held that, where a customer delivered certain liberty bonds to a state bank for safe-keeping and the bank converted the bonds to its own use and afterwards failed, the customer was not entitled to payment from the bank guaranty fund. *Spry v. Hirning,* 191 N. W. (S. Dak.) 833.

We do not think the intervener is a general depositor within the meaning of the depositors' guaranty fund law. In the present case the bank was merely the agent of intervener for the purchase of government securities.

The intervener's theory that he was a depositor and entitled to the protection afforded by the depositors' guaranty fund law is not sustained by the facts or the law. We do not, however, hold that the intervener might not in a proper action present his claim for allowance, if so advised, on the theory that such money as he may have paid to the bank was being held by it as a trust fund.

The judgment of the district court is

AFFIRMED.