# E. McQUERRY, Appellant, v. STATE OF NORTH DAKOTA, The Depositors' Guaranty Fund Commission of the State of North Dakota, and R. A. Nestos, B. J. Schorregge, M. R. Porter, S. C. Severtson and Gilbert Semingson, as Members of the Guaranty Fund Commission of the State of North Dakota, Respondents.

(195 N. W. 432.)

**Banks and banking — holder of certificate of deposit drawing excessive interest held not within protection of depositors' guaranty fund.**

Where money is advanced to a bank under an arrangement whereby it is to purchase liberty bonds under par and issue to the one advancing the money a certificate of deposit in an amount equal to the par value of the bonds, and where a time certificate is subsequently issued in an amount representing a rate of return on the money advanced in excess of that permitted by § 8, chapter 126, Session Laws for 1917 (the Depositors' Guaranty Law), the holder of the certificate of deposit does not have a valid claim against the depositors' guaranty fund.

Opinion filed October 12, 1923.

Banks and Banking, 7 C. J. § 15 p. 484 n. 74.

Appeal from the District Court of Burleigh County, *Jansonius*, J. Affirmed.

*F. E. McCurdy*, for appellant.

"But deposit is nothing but a loan of money and is within both the letter and spirit of the provision." The court was there construing a Federal statute which we will not set out but which is referred to in the opinion of the court. This is found in Bank v. Lanier, 78 U. S. 369, 20 L. ed. 172. The distinction between a deposit and a loan is discussed particularly relating to the place where certificates of deposit must be paid. Koelzer v. Bank, 125 Wis. 595; Curtis v. Leavett, 15 N. Y. 166.

"But the acts of Congress nowhere declare that the contract on which these resources and liabilities are based shall become either void or enforceable on account of such failure where a statute commands such a party to do certain acts and prescribes a penalty for that violation of its command it is not the province of the court to inflict other penalties

upon innocent parties not named in the law on account of such violation." Hanover Bank v. First Nat. Bank, 109 Fed. 426; 13 C. J. 500, § 443, note 40.

"The statute does not declare such a security void. It is silent upon the subject. If Congress so meant it would have been easy to say so; and it is hardly to be believed that this would not have been done instead of leaving the question to be settled by the uncertain result of litigation and judicial decision. Where usurious interest is contracted for a forfeiture, a forfeiture is prescribed and explicitly defined." Union Nat. Bank v. Matthews, 98 U. S. 621, 25 L. ed. 188.

*Newton, Dullam & Young,* for respondents.

Deposit is where a sum of money is left with a banker for safe keeping, subject to order and payable, not in the specific money deposited, but in an equal sum. It may or may not bear interest, according to the agreement. While the relation between the depositor and his bankers is that of debtor and creditor, simply, the transaction cannot in any proper sense be regarded as a loan unless the money is left not for safe keeping but for a fixed period at interest, in which case the transaction assumes the characteristics of a loan. State ex rel. Carroll v. Corning State Sav. Bank, 135 Iowa, 79, 113 N. W. 500; Law's Estate, 144 Pac. 499, 14 L.R.A. 103, 22 Atl. 831; State v. McFetridge, 84 Wis. 473, 20 L.R.A. 223, 54 N. W. 1; Hunt v. Hopley, 120 Iowa, 695, 95 N. W. 205; First National Bank v. Lanier, 78 U. S. 369, 20 L. ed. 172.

BIRDZELL, J. This is an appeal from a judgment in favor of the defendants in an action brought to compel the allowance of a claim by the depositors' guaranty fund commission and to coerce payment of the same in the regular course of the administration of such fund. The appeal raises questions of law alone on the judgment roll. The facts are: About October 1, 1920 the plaintiff, a resident of Dazey, Barnes county, read an advertisement in daily papers published in Fargo to the effect that the Security State Bank of New England would take liberty bonds at par and issue certificates of deposit therefor which would be guaranteed under the North Dakota Depositors' Guaranty Law. The plaintiff, not having on hand an amount of bonds sufficient to meet the requirements of the transaction he desired to consummate,

corresponded with the bank and the latter agreed to buy bonds for him at the prevailing price of 90 and to issue a certificate of deposit for their par value. Thereupon plaintiff drew his check, dated October 5, 1920, in favor of the bank of New England for $5,000 which was paid in the regular course. The latter issued a time certificate of deposit for $5,500 payable to the plaintiff in three years with interest at 5 per cent per annum. On November 18th, the bank was declared insolvent and closed. Plaintiff subsequently made proof of claim which was allowed by the receiver and certified to the guaranty fund commission. The public examiner and the guaranty fund commission refused to allow the claim for payment from the depositors' guaranty fund; whereupon this action was brought. The trial court held that the fund was not liable and dismissed the action. The propriety of this holding is challenged on this appeal, and the application of the statute to the facts may be said to be the sole question for decision, although a further contention is made by the respondent concerning the right of the plaintiff to seek a judicial review of the action of the officers who denied his claim. It does not appear that the latter contention was made in the lower court and, inasmuch as our conclusion upon the main question renders its consideration unnecessary, it need not be considered here.

Section 7 of chapter 126, Session Laws for 1917, in so far as it bears upon the question presented, reads as follows:

"All deposits not otherwise secured shall be guaranteed by this Act. The guaranty as provided for in this Act shall not apply to a bank's obligation as indorser upon bills rediscounted nor to bills payable, or to money borrowed from its correspondents or others."

And § 8 provides:

"No bank transacting a banking business under this Act shall pay interest on deposits, directly or indirectly at a greater rate than five per cent per annum, unless authorized by the Depositors' Guaranty Fund Commission to pay a greater rate which in no case shall exceed six (6) per cent per annum, and said Depositors' Guaranty Fund Commission is hereby authorized and empowered to grant permission to pay such higher rate; provided, that the rate so granted shall be uniform within any county.

"Any officer, director or employee of any bank violating the provi-

sions of this section, directly or indirectly, shall be deemed guilty of a felony and on conviction thereof shall be punished by a fine of not less than one hundred ($100) dollars or more than five hundred ($500) dollars or by imprisonment in the state penitentiary for a term of not less than one year or more than three years or both, in the discretion of the court."

Is the plaintiff a depositor entitled to the protection of the guaranty fund within the meaning and intent of the law quoted above? He socks to recover only the $5,000, and, to entitle him to recourse against the fund for this amount, it is essential that he be deemed a depositor. If the $5,000 which he sent to the bank is a deposit, it must be admitted that he knowingly received therefor a certificate of deposit which would entitle him to a return exceeding the rate of interest permitted by § 8 quoted above. (In Hettinger county banks were authorized to pay 6 per cent, and the contract rate of return on the amount the plaintiff forwarded to the bank is almost 9 per cent). Under depositors' guaranty acts similar to, if not identical with, the above, the uniform holdings are that a depositor entering into a contract for excessive interest, which the bank is prohibited from making, is not within the protection of the guaranty fund. American State Bank v. Wilson, 110 Kan. 520, 204 Pac. 709; Barber County v. Foster, 113 Kan. 180, 213 Pac. 1054; Iams v. Farmers' State Bank, 101 Neb. 778, 165 N. W. 145; State ex rel. Davis v. Banking House, 110 Neb. 564, 194 N. W. 784. We regard these decisions as sound, both from the standpoint of policy and principle. While the legislature has clearly indicated that deposits not otherwise secured shall be protected, it has just as clearly indicated that loans are not to be protected by this fund. The act lays down no criteria by which to determine whether a given transaction shall constitute a deposit or a loan, and it would seem that one who places money in a bank, taking therefor an evidence of indebtedness payable at a future time and at a contract rate of return in excess of that which the bank is permitted to pay upon deposits, cannot be heard to complain if his transaction be regarded as a loan. If he should complain, however, and contend, as does the plaintiff in this case, that the transaction was intended by both parties as a deposit, then it must stand admitted that the plaintiff is seeking benefits under a contract, the making of which by the other party is a felonious act. One who enters into such a contract, though actually intending no wrong, cannot be re-

garded as innocent of wrongdoing, since he must be held to a knowledge of the law. Having participated in a transaction which is a violation of the law he is in no position to claim the extraordinary benefits of the favored position of a bona fide depositor.

A provision in a depositors' guaranty law limiting rates of interest that banks shall be permitted to charge upon deposits can be inserted for but one object, the protection of the guaranty fund against the consequences of loose banking methods. If a bank finds it necessary to borrow money, this act in no way limits its power to do so, but when it seeks to borrow the lender will loan only on the strength of the bank's security. If the bank be in such condition that it cannot borrow on favorable terms or at all, it might then seek indirectly to borrow by soliciting deposits and issuing certificates of deposit, giving assurances that they would be secured by the depositors' guaranty fund. Manifestly, the more favorable the contract to the prospective depositor, the more likely the bank would be to succeed in obtaining such deposits, and the larger the rate of interest paid, the greater the likelihood of failure and of consequent liability of the guaranty fund. Hence, the limitation of the contract rate of interest on deposits and the stringency of the penal provision in case of violation. Manifestly, if it should be held that the depositor entering into such a prohibited contract may nevertheless pursue his claim against the depositors' guaranty fund, he would be given an advantage at the expense of a fund which is jeopardized by his act, and other depositors, acting with scrupulous regard to legislative regulations, would be prejudiced.

If it be contended that the plaintiff sent his money to the bank for the purpose of purchasing liberty bonds at the current quotation, which the bank could repurchase from him at par and that, in the absence of the consummation of such a transaction, he should at least be considered a depositor of the amount so entrusted, the answer is that the conversion of a fund held by a bank for investment does not make the owner of the fund a general depositor within the guaranty law. See State v. Farmers Bank, 110 Neb. 676, 194 N. W. 865.

It follows that the judgment appealed from must be affirmed. It is so ordered.

Bronson, Ch. J., and Christianson, Johnson, and Nuessle, JJ., concur.