168      NEBRASKA REPORTS.      [Vol. 114

State, ex rel. Spillman, v. Farmers State Bank.

___

STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, V. FARMERS STATE BANK OF CULBERTSON: JOHN MANSFIELD, CLAIMANT, APPELLEE: VAN E. PETERSON, RECEIVER, APPELLANT.

FILED DECEMBER 30, 1925.   No. 24558.

Evidence outlined in the opinion, and *held* to support the judgment of the district court.

APPEAL from the district court for Hitchcock county: CHARLES E. ELDRED, JUDGE.   *Affirmed.*

C. M. *Skiles* and *Butler & James,* for appellant.

C. D. *Ritchie, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD, THOMPSON and EBERLY, JJ.

DAY, J.

The Farmers State Bank of Culbertson, Nebraska, became insolvent, and in a proper proceeding by the state a receiver was appointed who took charge of the assets and business of the bank and proceeded to wind up its affairs.

John Mansfield, the claimant, filed with the receiver a

claim based on three time certificates of deposit of $2,000 each, dated April 5 and April 21, 1924, and numbered, respectively, 1572, 1573, and 1578, and also for the sum of $60.42 upon an open account subject to check. The certificates upon their face call for the payment of interest at the rate of 5 per cent. He pleads that he is an unpaid depositor and entitled to the protection of the bank guaranty law.

The receiver makes no objections to the allowance of certificate No. 1572, nor the balance due upon the open account. He concedes that these two items should be paid out of the guaranty fund. The receiver objects to the allowance of certificates Nos. 1573 and 1578 as a charge against the guaranty fund, for the reason that the certificates are renewals of prior certificates upon which the bank paid the claimant, under secret agreement, a greater rate of interest than 5 per cent. per annum, and that the payment of the excess interest was in violation of the depositors' guaranty law, and the claimant was not entitled to have the two certificates protected by the guaranty fund.

The trial court allowed the claims and ordered them to be paid out of the guaranty fund.

The receiver's objections are based upon *Iams v. Farmers State Bank,* 101 Neb. 778, where it was held: "Where money purporting to be a deposit is placed in a state bank, for which the bank issues and delivers to the purported depositor certificates of deposits in terms providing for payment of 5 per cent. annual interest, and where by an understanding between the parties the bank pays to such persons a bonus of 1 per cent. above the lawful rate of 5 per cent. interest, *held,* such transaction does not constitute a deposit within the meaning of the bank depositors' guaranty act, * * * but is a mere loan of money to the bank." We think that the proof fails to bring the case within the rule announced in the *Iams* case.

The proof in support of the receiver's claim, that interest in excess of 5 per cent. had been paid on the certificates, of which the present are renewals, rests solely upon the in-

**170**        NEBRASKA REPORTS.        [VOL. 114

State, ex rel. Spillman, v. Farmers State Bank.

ference to be drawn from the entries in the books of the bank, the deposit slips in the name of the claimant, and the entries in his pass-book. It appears that on the dates when the certificates were renewed the deposit slips show that there was deposited interest in the certificates based on a 5 per cent. rate, followed by an additional deposit of an amount equal to 1 per cent. upon the face of the certificates. There is nothing in the books or deposit slips to show what items were received by the bank to make up this amount. One of the witnesses testified from an examination of the books that the deposit might be for interest or it might be money or check. The receiver argues that the coincident is sufficient to show that it must have been additional interest on the certificates. The claimant, however, testifies that it was never agreed between himself and the bank that he was to receive interest on the certificates at a rate in excess of 5 per cent. and that he never received interest on any certificate in excess of that amount.

The record shows that the books of the bank contained many irregularities and in many respects were unreliable. Assuming, but not deciding, that under the circumstances shown by the record the books were properly received in evidence, we are satisfied that as against direct testimony to the contrary the entries are not sufficient to show that excess interest was paid on the certificates. The receiver had no direct evidence on this point.

On the whole we are of the opinion that the weight of the testimony supports the claimant's contention that the certificates constitute a deposit within the meaning of the guaranty law and are entitled to its protection. We think the trial court was right in allowing the claims as a charge upon the guaranty fund. The judgment of the district court is

AFFIRMED.