## JOSEPH M. THORMAN v. STATE BANK OF WAVERLY.[1]

. March 26, 1926.

No. 25,168.

**Act inapplicable to nonconsenting depositor whose deposit antedated act.**
L. 1925, c. 38, relating to the reorganization of insolvent banks and to the acceptance by creditors of a reduction in the amount of their claims when the holders of 90 per cent of the bank's indebtedness consent to the reduction, has no application to a nonconsenting depositor whose deposit was made prior to the enactment of chapter 38.

Banks and Banking 7 C. J. p. 491 n. 41 New.
Statutes 36 Cyc. p. 1107 n. 31, 32; p. 1205 n. 13; p. 1207 n. 14, 15; p. 1210 n. 51, 56.

---

See note in L. R. A. 1918B, 619. 3 R. C. L. p. 834; 1 R. C. L. Supp. p. 817.

---

Action in the district court for Wright county upon a certificate of deposit. Defendant appealed from an order, Olsen, J., sustaining plaintiff's demurrer to the answer. Affirmed.

*Henry Spindler*, for appellant.

*M. J. Harrington*, for respondent.

*Roberts, Strong, Myers & Covell*, as amici curiae, filed a brief.

LEES, C.

Plaintiff sued on a certificate of deposit issued to him by the defendant bank on December 21, 1923, and made payable 12 months

[1]Reported in 208 N. W. 185.

after date. The certificate was presented for payment on May 22, 1925, and payment was refused.

The answer admitted the allegations of the complaint and alleged as a defense that on September 24, 1924, the superintendent of banks closed and took charge of the defendant bank; that it remained in his charge until May 11, 1925, when pursuant to chapter 38, p. 37, L. 1925, it was reopened with his permission under a "reduction agreement" approved by him, which was executed by more than 90 per cent of the depositors and unsecured creditors; that plaintiff is one of the depositors who did not join in the execution of the agreement, but under c. 38 is nevertheless bound by its terms and therefore cannot compel payment of the full amount of his certificate, but must accept the reduced amount agreed upon by the creditors who signed the agreement. The answer also alleged that defendant is ready and willing to settle with plaintiff according to the terms of the agreement, but that plaintiff refuses to recognize it as binding upon him.

Plaintiff demurred on the ground that the answer failed to state facts sufficient to constitute a defense. The court sustained the demurrer and this appeal followed.

Chapter 38 was approved on March 3, 1925. In substance it provides that when the superintendent of banks approves of a reorganization plan for the restoration of the solvency of a bank of which he has taken charge and the plan has been adopted by depositors and unsecured creditors representing 90 per cent of the amount of the claims against the bank, then and in such case all other depositors and unsecured creditors shall become subject to the terms of the agreement to the same extent and with the same effect as if they had joined in the execution thereof.

Section 2 of the act reads as follows. "All deposits made in any State bank subsequent to the passage of this act shall be subject to the conditions thereof."

In view of this provision, we think it is plain that the act has no application in the case at bar. Plaintiff's deposit was made more than a year before c. 38 was enacted, and his rights and those of

others similarly situated are not affected by its enactment. A holding to the contrary would not only disregard the plain language of § 2, but would also disregard the well settled rule that a statute is not to be given a retroactive operation, unless it appears by express command or by necessary and unavoidable implication that such was the legislative intention; and the further rule that, where a statute deprives an individual of a legal right he enjoyed when it was enacted, it should be construed to be prospective in its operation unless a contrary construction is essential to give it effect, or its terms are so explicit as to preclude any other interpretation. Builders L. M. L. Ins. Co. v. Compensation Ins. Board, 151 Minn. 427, 186 N. W. 860.

Order affirmed.