STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, V. ATLAS BANK OF NELIGH: J. J. MELICK, CLAIMANT, APPELLANT: EMIL FOLDA, RECEIVER, APPELLEE.

FILED JUNE 8, 1926. No. 24282.

1. **Banks and Banking:** GUARANTY FUND: DEPOSITS. "In order to create a deposit which will be protected by the guaranty law, as the term 'deposit' is understood in section 8033, Comp. St. 1922, it is necessary that money or its equivalent shall in intention and effect be placed in or at the command of the bank under circumstances which do not transgress specific limitations of the bank guaranty law." *State v. Farmers State Bank*, 111 Neb. 117.

2. ———: PRINCIPAL AND AGENT. The delivery by an individual to a state bank of liberty bonds, with instructions to send the bonds to the United States treasurer, to be exchanged for a

State, ex rel. Spillman, v. Atlas Bank.

later issue of liberty bonds, creates the relation of principal and agent.

3. ————: GUARANTY FUND: DEPOSITS. Where a stockholder of a state bank has deposited liberty bonds with the bank for a specific purpose, and the bank, in violation of its instructions, sells the bonds and converts the proceeds to its own use, and thereafter the bank becomes insolvent or in an unsafe condition, and the owner of such bonds, with full knowledge of the condition of the bank, accepts in settlement of his claim a certificate of deposit, such transaction does not constitute a deposit, within the meaning of the bank guaranty law.

APPEAL from the district court for Antelope county: ANSON A. WELCH, JUDGE. *Affirmed.*

*Williams & Kryger* and *Gaines, Van Orsdel & Gaines,* for appellant.

*C. M. Skiles, Fred S. Berry, James E. Brittain* and *Lyle E. Jackson, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

GOOD, J.

This case was argued and submitted at the same time as *State v. Atlas Bank* (No. 24231), *ante,* p. 646. Since the claimant and the bank are identical in both cases, reference is made to No. 24231 for a statement of facts relative to the condition of the bank and the claimant's relation thereto.

Some time in 1920, claimant delivered to the bank liberty bonds of the face value of $4,000, with directions to send the bonds to the United States treasurer at Washington, D. C., to be exchanged for a later issue of liberty bonds. The bank, disregarding the instructions given, sold the bonds and converted the proceeds. Some time later Melick learned of the unauthorized acts of the bank and insisted that the bank procure other United States bonds to replace the ones he had delivered to the bank. The bank officers attempted to do so, and at one time had become possessed of such bonds to the extent of $3,800. The urgent need of

the bank for ready money prompted it to sell these bonds. For more than two years Mr. Melick tried in vain to obtain a settlement for his bonds which had been converted by the bank. In November, 1922, at a time when claimant had knowledge of the fact that the bank was insolvent, or at least in an unsafe condition, he accepted a certificate of deposit for $4,000, in satisfaction of his demands. This certificate was renewed from time to time, and the last renewal is the basis for the claim in this action. At all times, subsequent to November, 1922, the bank was insolvent, or at least in an unsafe condition.

The rule is established in this jurisdiction, that—"In order to create a deposit which will be protected by the guaranty law, as the term 'deposit' is understood in section 8033, Comp. St. 1922, it is necessary that money or its equivalent shall in intention and effect be placed in or at the command of the bank under circumstances which do not transgress specific limitations of the bank guaranty law." *State v. Farmers State Bank,* 111 Neb. 117. See, also, *State v. Kilgore State Bank,* 113 Neb. 772; *State v. Farmers State Bank,* 112 Neb. 380; *State v. Farmers State Bank,* 112 Neb. 474; *State v. Gross State Bank,* 113 Neb. 119. Decisions from other jurisdictions, holding to the same effect, are: *Tyler County State Bank v. Rhodes,* 256 S. W. (Tex. Civ. App.) 947; *Tyler County State Bank v. Johnson,* 257 S. W. (Tex. Civ. App.) 932; *Bloomheart v. Foster,* 114 Kan. 786.

The delivery of the bonds for a specific purpose by Melick to the bank created the relation of principal and agent. The bank became an agent of Melick, and the transaction did not create a deposit, within the meaning of the guaranty law. The condition and relation thus created continued until Melick consented to accept a certificate of deposit in satisfaction of his claim for bonds, delivered to the bank. At that time the bank was either insolvent, or at least in an unsafe condition verging on insolvency, which fact was well known to Melick. What he surrendered at that time was a claim against the bank founded upon tort. At the

time that he accepted the certificate of deposit, he did not place money or its equivalent in the bank or at its command, and the issuance of the certificate at that time did not create a deposit protected by the guaranty fund. Neither did any of the renewals thereof change the condition. It follows that at no time did Melick's transaction, with reference to the bonds deposited with the bank for a specific purpose, or with reference to the settlement of his claim for the bank's tortious act, ripen into a deposit protected by the guaranty fund.

The judgment of the district court in denying claimant a preference was in accordance with the law and is

AFFIRMED.

MORRISSEY, C. J., and DAY, J., dissent.