STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, V. CLINTON STATE BANK, APPELLANT: JOHN CERNY, SR., APPELLEE.

FILED FEBRUARY 13, 1928. No. 25343.

C. M. Skiles and R. L. Wilhite, for appellant.

Irving R. Butler, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and HOWELL, JJ., and REDICK, District Judge.

REDICK, District Judge.

Claim of John Cerny, Sr., against Clinton State Bank, insolvent, in the hands of a receiver duly appointed. Claimant filed his petition alleging that on April 24, 1918, through the Clinton State Bank, claimant subscribed for and purchased third liberty loan bonds in the sum of $500, and on October 15, 1918, fourth liberty loan bonds in the

sum of $1,500; that said bonds were never delivered to claimant, but were left in the care of said bank for safe-keeping, and subsequently, without the knowledge or consent of claimant, were sold by said bank. Petitioner prays that his claim may be allowed against the bank and paid out of the state guaranty fund. F. C. Hill, receiver, demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action, nor to show a claim properly allowable against the depositors guaranty fund. The demurrer was overruled and judgment entered allowing the same against the bank and ordering payment out of the guaranty fund. The receiver refused to plead further, elected to stand upon his demurrer, and brings the case here by appeal.

The demurrer should have been sustained. The statute provides only for the protection of state bank depositors, and it has many times been held that to create a deposit within the meaning of the statute "it is necessary that money or its equivalent shall in intention and effect be placed in or at the command of the bank under circumstances which do not transgress specific limitations of the bank guaranty law." *State v. Farmers State Bank,* 111 Neb. 117, and *State v. Atlas Bank,* 114 Neb. 650. The transaction of depositing money in a bank is one well understood; the title to the money deposited passes to the bank and the relation of debtor and creditor is created between the parties by express contract or necessary implication. It was this class of transactions that the statute was intended to cover. The transaction in question is of an entirely different nature; the title to the money or the bonds purchased therewith did not pass to the bank; it was a mere bailee for a specific purpose, and when it sold the bonds without the consent of claimant it was guilty of conversion, and plaintiff's claim was in tort, not in contract. The bonds, when procured, constituted a special deposit, the title to which was in the claimant, not in the bank. The claim of plaintiff presents none of the requisite character-

istics of a deposit protected by the guaranty law. These propositions are sustained by the following cases: *State v. Farmers Bank,* 110 Neb. 676; *State v. Atlas Bank,* 114 Neb. 650.

The case of *State v. American State Bank,* 108 Neb. 98, is not in point. There the agreement was for a deposit, but the banker placed the funds to the credit of another account, which fact the court held did not prevent the claim of the customer from becoming a deposit in ordinary course. Also *State v. Brown County Bank,* 112 Neb. 642, is not in point. In that case the bank received from claimant funds which it knew were the proceeds of sale of cattle upon which the claimant held a mortgage, but the claimant was ignorant of the source of the funds, and the bank placed the same to the credit of the mortgagor, and it was held that the fund under the circumstances constituted a deposit; from the circumstances the law implied an agreement for a deposit. In the present case no such implication arises. The other cases cited by claimant are likewise inapplicable.

It follows that the judgment of the district court must be reversed in so far as it orders the claim paid from the state guaranty fund, and the cause remanded, with leave to claimant to file an amended petition claiming a preference upon the assets of the bank, if advised that the facts warrant such claim; judgment allowing claim against the general assets of the bank is affirmed.

AFFIRMED IN PART, AND REVERSED IN PART.