STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, V. CLINTON STATE BANK: FAY C. HILL, RECEIVER, APPELLANT: NELS TAUSAN, CLAIMANT, APPELLEE.

FILED MARCH 7, 1928. No. 25545.

C. M. Skiles and R. L. Wilhite, for appellant.

Irving R. Butler, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and HOWELL, JJ., and REDICK, District Judge.

PER CURIAM.

This action arises out of the failure of the Clinton State Bank of Clinton, Nebraska. In the proceeding to wind up the affairs of the failed bank, Nels Tausan (hereinafter

referred to as claimant) filed a claim, consisting of two items; one for $1,345, based on a deposit in open account; and the other for $1,100, based on the conversion of eleven $100 Liberty bonds, which claimant had placed in a safety deposit box in the bank. The receiver admitted the validity of the claim for $1,345, but asked that payment thereof be withheld to apply on the liability of claimant as a stockholder, and asked that the claim based upon the conversion of the Liberty bonds be not allowed as preferred or payable from the depositors' guaranty fund.

The trial court allowed both items of the claim and decreed them entitled to preference and payable from the depositors' guaranty fund. Payment of the first item, however, was withheld until claimant's statutory liability as a stockholder could be determined, and the court ordered that if claimant should be held liable the first item of the claim should be offset against the stockholder's liability. The receiver has appealed from the part of the decree which allowed claimant a preference for the item based on conversion of the Liberty bonds.

This case is ruled by the decisions of this court in *State v. Clinton State Bank, ante,* p. 482, *State v. Farmers Bank of Page,* 110 Neb. 676, and *State v. Atlas Bank of Neligh,* 114 Neb. 650. In *State v. Clinton State Bank, supra,* it was held: "Where certain Liberty bonds were purchased by a bank for a customer, but were never delivered to the customer, being left with the bank for safe-keeping, and were subsequently sold by the bank without the consent of the customer, neither the bonds nor their proceeds constituted a deposit within the protection of the state guaranty fund."

In the instant case, the bonds were placed in claimant's safety deposit box within the bank. Without his knowledge or consent, the officials of the bank abstracted the bonds and sold and converted the proceeds. There never was any intention to make a general deposit in the bank; the transaction does not constitute the owner of the bonds a depositor, within the protection of the depositors' guar-

anty fund. The court erred in holding that claimant was entitled to a preference on that part of his claim, based upon the conversion of the Liberty bonds. That part of the claim should have been allowed only as a general claim.

The judgment of the district court, in so far as it relates to the claim based upon the $1,345 deposit in open account, is affirmed. In so far as it relates to the claim based upon the conversion of Liberty bonds, the judgment is reversed, and the cause remanded, with directions to enter a decree allowing the latter item as a general claim only and not entitled to preference.

AFFIRMED IN PART AND REVERSED IN PART.