CHARLIE HAGEN v. FIRST STATE BANK OF WATSON.[1]

April 11, 1930.

No. 27,818.

[1]Reported in 230 N. W. 267.

C. E. Purdy and Oscar G. Haugland, for appellant.
Fosnes & Rolloff, for respondent.

DIBELL, J.

Action to recover money deposited by the plaintiff with the defendant bank. There were findings for the plaintiff for $1,079.17 and interest, upon which judgment was entered, from which the plaintiff appeals, claiming that the judgment in his favor should have been substantially twice that amount.

■ By L. 1925, p. 37, c. 38, effective March 3, 1925, provision is made for the reorganization of insolvent state banks, and among other things the statute requires the consent of a certain percentage of the depositors. This provision has no application to nonconsenting depositors whose deposits were made prior to the statute. Thorman v. State Bank, 166 Minn. 433, 208 N. W. 185. It is constitutional as to nonassenting depositors whose deposits were made subsequent to the going into effect of the statute. Hoff v. First State Bank, 174 Minn. 36, 218 N. W. 238.

■ The statute provides for a reorganization of insolvent state banks which have been taken in charge by the superintendent of banks upon a plan or agreement to be entered into by a specified percentage of the depositors and others interested. The bank was taken over by the superintendent of banks as an insolvent bank on February 27, 1926. Afterwards, the time not shown in the record, an agreement was made between the requisite majority of depositors and others interested whereby the stockholders paid into the bank the face amount of its stock, $30,000, and the depositors accepted one-half of the face of their deposits.

On June 16, 1924, the plaintiff deposited $2,000 in the defendant bank by way of two certificates of deposit of $1,000 each, due on or before one year, with interest at five per cent. On June 16,

1925, he surrendered his two certificates of June 16, 1924, interest ceasing on that date, and took out two certificates for $1,050 each, being the amount of the old certificates with accrued interest. The two new certificates were issued June 17, 1925, bore interest at four per cent, and matured six or twelve months from date, without interest after maturity.

The plaintiff did not accept the agreement of reorganization, and he now contends that since his two certificates of June, 1924, were issued before the going into effect of the statute of March 3, 1925, he is not bound by the agreement and should recover the face of his deposits. This is the only question of importance.

The general rule is that the renewal of a certificate of deposit or commercial paper is not a payment of the debt but only a change in the form of obligation which evidences the debt. Geib v. Reynolds, 35 Minn. 331, 28 N. W. 923, is an early case. Village of Farmington v. Reisinger, 174 Minn. 56, 218 N. W. 444, is a late one. Others are cited in detail in State Bank v. Mutual Tel. Co. 123 Minn. 314, 143 N. W. 912, Ann. Cas. 1915A, 1082. Cases are cited involving the principle when sought to be applied in the reorganization of banks. See Seymour v. Bank of Minnesota, 79 Minn. 211, 81 N. W. 1059; Hunt v. Roosen, 87 Minn. 68, 91 N. W. 259; Willius v. Mann, 91 Minn. 494, 98 N. W. 341, 867. The defendant claims the first to be conclusively in its favor, and the plaintiff claims that the two later ones are controlling for him. The first favors the defendant. The plaintiff may make an argument based on the other two. We do not regard any one controlling.

When the two certificates were issued on June 17, 1925, new contracts were made. This is not disputed. In each certificate an additional $50 accumulated interest was included and a lower rate of interest was fixed. The plaintiff of necessity contracted with reference to the new statutory law. It cannot be otherwise. The new law binds a depositor to submit to a reduction of his deposit under certain conditions, which in this case were performed. The new law was a part of the deposit contract of June, 1925. The statute says: "All deposits made in any state bank subsequent to

the passage of this act shall be subject to the conditions thereof." We do not find it necessary to discuss the effect of the renewal of obligations. We have no hesitancy in holding that the depositor after March 3, 1925, though he was a depositor by renewal, made his debt subject to the provisions of the statute.

Judgment affirmed.

