[File No. 5961.]

HERMAN SUELTZ, as Executor of the Estate of Fritz Sueltz, Deceased, Respondent, v. BANK OF HAZELTON, a Corporation, Appellant,

and

L. R. BAIRD, as Receiver of Bank of Hazelton, a Corporation, Garnishee.

(238 N. W. 649.)

Opinion filed October 17, 1931.   Rehearing denied November 12, 1931.

*Coventry & Thompson,* for appellant.

*Zuger & Tillotson,* for respondent.

530

NUESSLE, J. The Bank of Hazelton is a domestic banking corporation. In 1928 it was closed by the banking authorities and placed in the hands of a receiver. Thereafter, acting under the provisions of section 20, chapter 99, S. L. 1927, more than 80 per cent of the deposit creditors entered into an agreement to reorganize and reopen the bank. The banking department approved the proposed reorganization plan. The matter was presented to the district court having charge of the receivership and the court entered an order permitting such proposed reorganization, withdrawing the bank from receivership, and reopening the same. Thereupon on January 14, 1929, the receiver turned over the bank and it was reopened and has since continued as a going concern. Under the terms of the plan which was adopted the deposit

creditors agreed to hold the reorganized bank for 40 per cent of their deposits, payable in annual instalments, the remainder thereof to be paid in so far as possible out of the salvage realized from certain of the bank's assets that were turned over to a holding corporation for liquidation. Fritz Sueltz was a depositor of the bank at the time of its closing. He had made a deposit of $3,100 on October 8, 1925, for which he accepted a certificate of deposit payable in three years, with interest at "5 or legal rate per cent" per annum. On October 25, 1927, Sueltz surrendered this certificate, collected the interest on the deposit to October 8, 1927, and accepted a new certificate of deposit payable on October 8, 1928, with interest at 5 per cent per annum. The surrendered certificate was marked paid and the bank retained it. The bank was closed and a receiver was appointed in March, 1928. Sueltz died in December, 1928. Plaintiff qualified as the administrator of his estate. Neither Fritz Sueltz nor the plaintiff as his administrator became parties to the reorganization agreement entered into by the other depositors of the bank and under which the bank was reopened. On the contrary both expressly refused to assent to this agreement. Sueltz was the only depositor who refused to become a party to it. After the bank reopened plaintiff demanded payment of the certificate. The bank refused to pay on the ground that though neither Fritz Sueltz nor the plaintiff as his administrator were parties to the reorganization agreement, the certificate was subject to the terms thereof and the plaintiff was bound thereby. Plaintiff contended that his certificate represented an indebtedness incurred by the bank prior to the enactment of chapter 99, Sess. Laws 1927, and therefore that never having become a party to the reorganization agreement he was not bound thereby and could enforce the certificate according to its terms. On this theory he brought the instant action. He recovered judgment for the amount of the certificate and interest and the bank thereupon perfected this appeal.

Section 20, chapter 99, Sess. Laws 1927 provides:

"Any bank coming under the jurisdiction of the Court as provided for in this Act, may be withdrawn from the control of the receiver hereinbefore provided for, and its reorganization and opening may be undertaken by its depositors as follows, to-wit:

A reorganization plan and articles of agreement in writing may be

entered into by deposit creditors of such bank representing eighty per cent of the amount of deposits therein, exclusive of deposits of public money secured by indemnity bond or otherwise. Thereupon all other unsecured depositors shall be held to be subject to such agreement and bound by all the terms thereof to the same extent and with like effect as if they had joined in its execution, and in the event of the restoring of such bank to solvency and the reopening of it for business all depositors shall be bound to abide by the terms thereof. . . ."

The section further provides as to the method that must be followed in perfecting a reorganization plan by the naming of a committee, the submission of the plan to the court for consideration and approval after hearing, the examination of the bank by the Guaranty Fund Commission, and the turning over of the assets and effects by the receiver after the approval of the court.

The question here presented is a narrow one. The parties are agreed that if the original contract of deposit as made by Fritz Sueltz with the bank is in effect that the plaintiff is entitled to recover. Hoff v. First State Bank, 174 Minn. 36, 218 N. W. 238; that if when Sueltz collected the interest in October, 1927, and took a new certificate, a new contract resulted, he is subject to the provisions of the section above referred to and is not entitled to recover. Hoff v. First State Bank, supra; Farmers & M. Bank v. Tomlinson, 55 S. D. 185, 225 N. W. 305; Re Farmers' Exch. Bank, 55 S. D. 190, 225 N. W. 307.

It seems to us that the certificate issued on October 25, 1927, evidences a new contract. The rate of interest was different. The original certificate provided for interest at "5 or legal rate per cent." Clearly this evidenced an intent on the part of the parties to conform to the rate stipulated by the Guaranty Fund Commission pursuant to the terms of the Guaranty Fund Act. See § 5220b12, 1925 Supplement; McQuerry v. State, 50 N. D. 229, 195 N. W. 432. Under the terms of the Guaranty Fund Act the rate of interest that certificates of deposit might bear was fixed at 4 per cent unless the Guaranty Fund Commission should fix a different rate. And under the terms of that act the agreement to pay interest at a higher rate than that fixed by the statute or the commission was prohibited and penalized. So when the certificate of deposit held by Fritz Sueltz was issued for a term of three years the parties stipulated that the rate of interest

should be in conformity with the fixed rate. Thus if the rate were lowered or raised during the term of the certificate the legal rate so fixed would control. When the new certificate was issued in October, 1927, the stipulated rate was 5 per cent, definite and certain, and not subject to any change that might be made by the Guaranty Fund Commission. Furthermore, the original certificate running for three years provided that the bank would pay to the order of the depositor the amount deposited "on the return of this certificate, properly endorsed, with interest at 5 or legal rate per cent per annum for thirty-six months only." That is, the interest according to the terms of this instrument was not payable annually. See Baird v. Meyer, 55 N. D. 930, 56 A.L.R. 175, 215 N. W. 542; Payne's Will, 171 Wis. 608, 10 A.L.R. 993, 177 N. W. 858. Accordingly if the bank had insisted upon the terms of the contract no interest was payable on the certificate until the maturity thereof. But Sueltz surrendered the old certificate. The bank paid and he accepted the interest to the date of the new certificate. The new certificate stipulated 5 per cent interest without reference to any rate that might be fixed by the Guaranty Fund Commission. Surely it must be said that under these circumstances, especially in the absence of any showing to the contrary, and there is none, there was a new contract. Besides, if this were not the intention of the parties there was no reason for Sueltz to surrender the old certificate and take the new one. If the parties intended that the old contract should remain in effect there was no occasion for the change. The date of payment was exactly the same. So though Sueltz was a depositor by renewal, yet the renewal contract was a new contract and was subject to the provisions of the statute, chapter 99, Sess. Laws 1927, in effect at the time of the renewal. See Hagen v. First State Bank, 180 Minn. 113, 230 N. W. 267.

The judgment is reversed.

CHRISTIANSON, Ch. J., and BURR, BIRDZELL and BURKE, JJ., concur.